United States District Court
District of Massachusetts

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
      v.                      )
                              )    Criminal No.
FRANK PUELLO,                 )    07-10134-NMG
                              )
      Defendant.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On May 10, 2010, Frank Puello ("Puello") moved to vacate his sentence pursuant to 28 U.S.C. § 2255. He is currently serving a term of 120 months after pleading guilty to multiple counts in an Indictment involving a conspiracy to distribute heroin and cocaine base.

**I.    Background**

Specifically, Puello pled guilty to Conspiracy to Distribute Heroin and Cocaine Base, in violation of 21 U.S.C. § 846 (Count 1); Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-4 and 6) and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Count 5). On December 15, 2010, the Court adopted the Report and Recommendation of Magistrate Judge Robert B. Collings, denying the defendant's motion and dismissing the petition. The Court now considers whether to issue a Certificate of Appealability ("COA") on Puello's claims.

**II. Analysis**

    **A.   Legal Standard**

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means that:

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

The "debatable amongst jurists of reason" inquiry is a very low barrier to the issuance of a COA. Miller-El v. Cockrell, 537 U.S. 322, 338, 341 (2003). The petitioner need not show that some jurists would grant his petition. Id. In fact, a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Id. The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith on his or her

part." Id. (internal quotations omitted).

   B.   **Application**

   Although Puello has not filed an application for a COA, a district court can issue or deny a COA sua sponte. See, e.g., Teti v. Bender, 507 F.3d 50, 56 (1st Cir. 2007); 16AA Fed. Prac. & Proc. Juris. § 3968.1 (4th ed. 2010).  In doing so, the Court will refer to Puello's memorandum in support of his petition and his objections to the Magistrate Judge's Report and Recommendation.  In his petition, Puello presented four grounds, all arising from the alleged ineffective assistance of counsel regarding the sentence he received, upon which he argued that his petition should be granted.

      1.   **Sentencing Enhancement**

   First, Puello argues that the conviction which was scored with respect to the sentencing enhancement did not meet the necessary requirement for such an enhancement.  Magistrate Judge Collings found (and this Court adopted the finding) that the subject conviction met the requirement because it was "punishable by imprisonment for more than one year" and thus the Court had no discretion but to impose the mandatory minimum sentence of 120 months on the basis of the drug weights and Puello's prior conviction.  Reasonable jurists could not debate the Court's finding and thus a COA for that claim will be denied.

### 2. Conversion of Seized Currency to Drug Quantities

Puello challenges the conversion of seized currency to drug quantities. Magistrate Judge Collings concluded (and this Court adopted the finding) that the conversion does not matter because the Court had to impose the mandatory minimum sentence and any adjustment vis-a-vis the conversion of seized currency to drug quantities would have been immaterial. Reasonable jurists could not debate the Court's finding and thus a COA for that claim will be denied.

### 3. Sentencing Factor Manipulation

Puello argues that the government committed sentencing factor manipulation by conducting more controlled buys than necessary to secure a conviction. In analyzing that claim, the Court determined that the government did not engage in the "extraordinary misconduct" necessary to establish manipulation. See United States v. Montoya, 62 F.3d 1, 4 (1st Cir. 1995). In making that determination, reasonable jurists could conceivably disagree with this Court's rulings and, therefore, the Court will issue a COA for that claim.

### 4. Exercise of Court's Discretion

Puello contends that his counsel was ineffective in failing to seek a downward departure or other exercise of the Court's discretion in sentencing. Magistrate Judge Collings concluded (and this Court adopted the finding) that the issue does not

matter because the Court had to impose the mandatory minimum sentence and any downward departure or other exercise of discretion by the Court would have been immaterial. Reasonable jurists could not debate the Court's finding and thus a COA for that claim will be denied.

## ORDER

In accordance with the foregoing, a certificate of appealability is, with respect to the sentencing factor manipulation claim, **ALLOWED,** and, with respect to all other claims, **DENIED.**

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                        United States District Judge

Dated December 21, 2010